IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LEGISTREAN PURVIS-CHAPMAN,

                    Plaintiff,

        v.

MARK J. SILVERSTEIN, et al.,

                    Defendants.

HONORABLE JEROME B. SIMANDLE

Civil Action
No. 14-4252 (JBS/AMD)

**ORDER**

Plaintiff Legistrean Purvis-Chapman, pro se, brings this action against her former supervisors at the Glassboro Public Schools for harassment, defamation, and discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Civil Rights Act § 42 U.S.C. § 2000e-2.[1] She appears to request injunctive relief and monetary damages of $9 million. (Compl. at 41-42.) This matter is before the Court on Plaintiff's motion for default judgment. [Docket Item 9.] For the reasons explained below, the motion is denied.

Plaintiff filed the lawsuit on July 3, 2014. On July 9, 2014, Plaintiff mailed summonses and copies of the Complaint to Defendants Mark J. Silverstein, Danielle Sneathen, and Danielle M. Sochor. [Docket Item 3.] Plaintiff filled out "Return of Service" forms for each Defendant stating that the method of

_____

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

service was by U.S. Postal Service, delivery confirmation and signature confirmation. [Id. at 1-3.] Plaintiff provides the tracking information, which appears to confirm that the summonses and Complaints were delivered via U.S.P.S. [Id.]

Under Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant must serve an answer within 21 days of being served with the summons and complaint. Defendants have not answered or otherwise responded to the Complaint.

The Court will deny the motion for default judgment for two reasons. First, under Fed. R. Civ. P. 55, the party seeking default must request that the clerk of court enter default. Only after the clerk enters default may a plaintiff bring a motion for default judgment under either Fed. R. Civ. P. 55(b)(1) or (b)(2). In this case, the clerk of court has not entered default because Plaintiff has never requested the entry of default. Therefore, the motion for default judgment is premature and will be denied.

Second, it appears that each Defendant has not been properly served with a summons and a copy of the Complaint. Under the Federal Rules of Civil Procedure, a plaintiff may serve an individual within a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in

2

the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under New Jersey law, a summons and

complaint may be served

by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation. If personal service cannot be effected after a reasonable and good faith attempt, which shall be described with specificity in the proof of service required by R. 4:4-7, service may be made by mailing a copy of the summons and complaint by registered or certified mail, return receipt requested, to the usual place of abode of the defendant or a person authorized by rule of law to accept service for the defendant or, with postal instructions to deliver to addressee only, to defendant's place of business or employment.

N.J. Ct. R. 4:4-3. The New Jersey rules further provide that

service may be accomplished by delivering the summons and

complaint

to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf . . . .

3

N.J. Ct. R. 4:4-4(a)(1). The New Jersey rules permit service of process by "registered, certified or ordinary mail" only "if the defendant answers the complaint or otherwise appears in response thereto, and provided further that default shall not be entered against a defendant who fails to answer or appear in response thereto." N.J. Ct. R. 4:4-4(c).

Here, Plaintiff did not effectuate personal service, did not leave the documents at the Defendants' homes with a person of suitable age, and did not deliver the documents to an agent authorized by appointment or by law to receive service of process. Plaintiff's only stated method of service was by U.S. mail. Mailed service is not adequate under New Jersey law unless (1) the plaintiff made a reasonable and good faith attempt to effectuate service by acceptable means, or (2) if the defendant answers or otherwise appears in response to mailed service. Plaintiff does not provide any proof of service explaining her reasonable and good faith attempt to effectuate service by approved methods, and Defendants have not responded to the Complaint. Therefore, it appears that Defendants have not been properly served under either federal or state law, and the entry of default is premature.

Under the federal rules, a plaintiff may request that a defendant waive personal service by enclosing a waiver of service form for the defendant to acknowledge under the

4

procedure of Fed. R. Civ. P. 4(d) and Form 5 appended to the Federal Rules of Civil Procedure. If a defendant signs and returns such a waiver of service form, an in-state defendant will have 60 days to answer the complaint. See Fed. R. Civ. P. 4(d)(3).

Under Fed. R. Civ. P. 4(m), a plaintiff must serve a defendant within 120 days after the complaint is filed. As Plaintiff filed this action only last month, the time period to effectuate service has not yet expired. Therefore, the Court will deny Plaintiff's motion for default judgment. If, after Plaintiff properly serves the summonses and Complaints on Defendants under federal or New Jersey law, the Defendants do not answer or otherwise respond to the Complaint, Plaintiff may request default and thereafter file a new motion for default judgment.

THEREFORE, IT IS this **12th** day of **August**, **2014,** hereby

ORDERED that Plaintiff's motion for default judgment [Docket Item 9] is DENIED.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge